

**OFFICE OF THE COUNTY ATTORNEY**
11 New Hempstead Road
New City, New York 10956
Phone: (845) 638-5180   Fax: (845) 638-5676

**Thomas E. Humbach**
*County Attorney*

March 29, 2024

| | |
|---|---|
| **BY EMAIL** | **BY CM/ECF & EMAIL** |
| The Honorable Lewis J. Liman | The Honorable Cathy Seibel |
| United States District Court | United States District Court |
| Southern District of New York | Southern District of New York |
| 500 Pearl Street | 300 Quarropas Street |
| New York, New York 10007 | White Plains, New York 10601 |

    Re:    *Chan v. U.S. Dep't of Transp.*, No. 23 Civ. 10365 (LJL) ("*Chan*"); *Mulgrew v. U.S. Dep't of Transp.*, No. 24 Civ. 1644 (LJL) ("*Mulgrew*"); *New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp.*, No. 24 Civ. 367 (LJL) ("*New Yorkers*"); *County of Rockland v. Triborough Bridge & Tunnel Auth.*, No. 24 Civ. 02285 (CS) ("*Rockland Action*").

Dear Judges Liman and Seibel:

    We represent the plaintiffs, County of Rockland and Edwin J. Day, in the above captioned matter *County of Rockland v. Triborough Bridge & Tunnel Auth.*, No. 24 Civ 02285 (CS) ("Rockland Action"). We write in response to the letter by counsel for the MTA and TBTA dated March 28, 2024 to the court which, in essence, seeks the *Rockland Action* to be assigned to Judge Liman purportedly based upon the "relatedness" of the four captioned cases.

    Other than the overall subject matter ("congestion pricing"), the *Rockland Action* is not related to the *Chan, Mulgrew* or *New Yorkers* cases in any substantive or procedural way. Merely being about "congestion pricing" is not sufficient to deem the *Rockland Action* "related" to the other three.  R. 13(a)(2), Rules for the Division of Business states, in pertinent part:

> (2) Limitations on General Rule. Notwithstanding paragraph (a)(1):
> (A) Civil cases shall not be deemed related merely because they involve common legal issues or the same parties.

    Here, the only common element is that the MTA and TBTA are defendants in each of the cases. However, they are the only defendants in the *Rockland Action* which does not assert claims upon any of the defendants in the other actions nor seek relief on behalf the numerous plaintiffs in the other actions. In determining relatedness, the Court shall consider whether the actions concern the same or substantially similar parties, property, transactions, or events; there is substantial

factual overlap; the parties could be subjected to conflicting orders; and whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses. R. 13(a)(1), Rules for the Division of Business.

When compared to the other three actions, The *Rockland Action* fails to meet any of the necessary criteria. We do not represent any party in the *Chan, Mulgrew and/or New Yorkers* actions and the Plaintiffs herein are not a party to any of the other three actions. The *Rockland Action* has two plaintiffs, the County of Rockland and the County Executive, Ed Day. The *Chan, Mulgrew* and *New Yorkers* actions contain numerous plaintiffs who have no relation to the *Rockland Action*. The *Chan* action is brought on behalf of ten (10) plaintiffs, the *Mulgrew* action names twenty-nine (29) plaintiffs and the *New Yorkers* action asserts claims on behalf of over forty-five (45) plaintiffs.[1]

Further, the defendants in the four actions are not related. The only defendants in the *Rockland Action* are the MTA and the TBTA. The *Chan* action names eight (8) defendants (United States Dept. of Transportation, Federal Highway Administration, MTA, TBTA, Shailen Blatt, Richard Marquis, Nicholas A. Choubah, PE, and William Carey). The *Mulgrew* action asserts claims against eight (8) somewhat different defendants (United States Dept. of Transportation, Federal Highway Administration, Shailen Blatt, Richard Marquis, MTA, TBTA, New York State

---

[1] The plaintiffs in the three actions are:

a) *Chan* - Elizabeth Chan, Tamara Hoffman, Rachel Ehrenpreis, Chaim Katz, Winnie Cheung, Meir Ehrenpreis, John Bailey, Sean Carney, Luis Diaz and Families for A Better Plan For Congestion;

b) *Mulgrew* - Michael Mulgrew, as President of the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, Vito J. Fossella, Individually and as Staten Island Borough President, The A. Philip Randolph Institute, The Coalition of Black Trade Unionists, The Labor Council for Latin American Advancement, Jessica Scarcella-Spanton, Individually and as New York State Senator, David Weprin, Individually and as New York State Assemblyman, David Carr, Individually and as New York City Council Member, Nicole Malliotakis, Individually and as United States Congresswoman, Joseph Borelli, Individually and as New York City Council Member, James Skoufis, Individually and as New York State Senator, Rob Rolison, Individually and as New York State Senator, Aileen Gunther, Individually and as New York State Assemblywoman, Christopher Eachus, Individually and as New York State Assemblyman, Karl Brabenec, Individually and as New York State Assemblyman, Brian Maher, Individually and as New York State Assemblyman, Michael Reilly, Individually and as New York State Assemblyman, Michael Tannousis, Individually and as New York State Assemblyman, Kamillah Hanks, Individually and as New York City Councilmember, Jaime Williams, Individually and as New York State Assemblywoman, Andrew J. Lanza, Individually and as New York State Senator, Iwen Chu, Individually and as New York State Senator, Monica Martinez, Individually and as New York State Senator, Cliff Hagen, Troy Mcghie, Martha Mazier, Paul Caminiti, Carly Bianchini, Hannah Choi, Frank Garcia, Lindsey Lampf;

c) *New Yorkers* - New Yorkers Against Congestion Pricing Tax, Danny Buzzetta, Dr. Gregor Winkel, Lee Berman, Meredith Levande, Rita Sue Siegel, Tommy Loeb, Kathryn Freed, Trever Holland, Ricky Yang, Paul Eng, Baruch Weiss, Robert Friedrich, Kevin Forrestal, Warren Schreiber, Christopher Ryan, Ben Mason, Dennis Rosario, Rabbi Y.S. Ginzberg, Jacob Englander, Aaron Gonzalez, Howard Chin, Elaine La Penna, Thomas Anthony Scarpaci, Councilmember Kristy Marmorato, Councilmember Vickie Paladino, Councilmember Joann Ariola, Councilmember Susan Zhuang, Councilmember Kalman Yeger, Councilmember Inna Vernikov, Councilmember Robert F. Holden, Richard Passarelli, Steven Traube, Francisco Gonzalez, Jose Collado, Vito Labella, Aixa Torres, Julie Velez, Daphne Brucculeri, Dr. Alan L. Mintz, D.D.S., Assemblymember Simcha Eichenstein, Thomas Zabielskis, Nina Jody, Michael Kekafos, Norman Spizz, Michael Gross, Efraim Reiss And Assemblymember Michael Novakhov, Individually and on Behalf of All Others Similarly Situated.

**Page 3**

Department of Transportation and the New York City Department of Transportation). The *New Yorkers* action asserts claims against claims against nine (9) defendants (United States Dept. of Transportation, Federal Highway Administration, Shailen Blatt, Richard Marquis, MTA, TBTA, New York State Department of Transportation and the New York City Department of Transportation and the Traffic Mobility Review Board).

Other than the MTA and TBTA, none of the numerous plaintiffs and defendants in the *Chan, Mulgrew* and *New Yorkers* actions are named parties in the *Rockland Action.* The four actions do not contain "substantially similar parties."

The claims asserted in the *Rockland Action* are substantially different than those in the other three actions. The *Chan* action asserts five causes of action having no relation to the *Rockland Action*. The *Chan* matter asserts claims for a violation of National Environmental Policy and Administrative Procedure Act (42 U.S.C.§§ 4321 *et seq.*; 5 U.S.C. §§701-706); violation of the National Environmental Policy Act (NEPA); violation of the Dormant Commerce Clause; violation of the right to travel; and violation of the New York State Constitution. None of these claims are asserted in the *Rockland Action*.

The *Mulgrew* action asserts two causes of action for violation of the NEPA; as well as claims for violation off the Dormant Commerce Clause; violation of right to travel; and violation of the New York State Constitution. As with *Chen*, none of these claims are asserted in the *Rockland Action*.

The *New Yorkers* action is a putative class action that asserts two causes of action alleging violation of the NEPA; a claim alleging a violation of the SAPA; and a claim alleging violation of New York State's Green Amendment. As with *Chen* and *Mulgrew*, none of these claims are asserted in the *Rockland Action*.

The *Rockland Action* asserts causes of action alleging that the toll/tax is not legal, is an excessive fine and further alleges a violation of the Equal Protection Clauses of the New York and United States Constitution. These claims are vastly different than those alleged by the numerous and diverse set of plaintiffs against the numerous defendants in the other actions. The four actions do not concern the same or substantially similar parties, property, transactions, or events; and substantial factual overlap is not present between the *Rockland Action* and the *Chan, Mulgrew* and *New Yorkers* actions.

The *Chan, Mulgrew* and *New Yorkers* actions all allege numerous environmental claims, none of which are present in the *Rockland Action*. It would be prejudicial to cause the plaintiffs in the *Rockland Action* to have to participate and incur the expense in the litigation of the environmental claims (including expert disclosure) brought by several people/entities against numerous defendants none of which are in the *Rockland Action*. Further, Judge Liman has already set a comprehensive schedule for briefing and determination of the environmental and other issues that are not present in the *Rockland Action* (*see Chan* ECF 57), which schedule is well underway, and which will cause unnecessary delay and undue burden to the plaintiffs herein if the matter is transferred.

**Page 4**

      Simply put, while the *Chan, Mulgrew* and *New Yorkers* actions contain similar claims, similar parties and issues that overlap, the *Rockland Action* presents none of this criterion and is not a "related action" to the other three. Transfer of the case to Judge Liman would not serve for a more efficient pretrial discovery and would cause undue time and expense for plaintiffs. There is not a substantial overlap between the claims asserted in the *Rockland Action* and those asserted in the *Chan, Mulgrew and New Yorkers* actions; nor do the cases hinge upon the same factual nuclei. Each relevant factor weighs against transfer and the actions are not sufficiently related to realize significant gains in judicial efficiency.

      Accordingly, we oppose the transfer of the *Rockland Action* to Judge Liman.

Respectfully submitted,


 */s/Mark Housman*
Mark Housman
Principal Assistant County Attorney
Direct Dial: (845) 638-5101
Email: HousmanM@co.rockland.ny.us