UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
COUNTY OF ROCKLAND, COUNTY
EXECUTIVE EDWIN J DAY, and
LEGISLATURE OF THE COUNTY OF
ROCKLAND,

                            Plaintiffs,        **OPINION & ORDER**

      - against -                             No. 24-CV-2285 (CS)

METROPOLITAN TRANSPORTATION
AUTHORITY and TRIBOROUGH BRIDGE AND
TUNNEL AUTHORITY,

                            Defendants.
---------------------------------------------------------------x

Seibel, J.

      Before the Court is the letter motion of Plaintiffs County of Rockland, Edwin J. Day, and Legislature of the County of Rockland ("Plaintiffs") for a stay of the Central Business District Tolling Program, commonly known as congestion pricing (the "Program" or "Congestion Pricing Program"), pending the outcome of Plaintiffs' appeal to the Second Circuit of this Court's denial of their motion for a preliminary injunction. (ECF No. 55.) For the reasons stated below, the motion is DENIED.

**I.    BACKGROUND**

      The Court assumes the parties' familiarity with the underlying facts and procedural history of this case, which were set forth on the record during my December 23, 2024 bench ruling denying Plaintiffs' motion for a preliminary injunction. (*See* ECF No. 52; Minute Entry dated Dec. 23, 2024.) Plaintiffs filed a Notice of Interlocutory Appeal on December 24, 2024, (ECF No. 53), and moved the Second Circuit for an emergency stay of the Program pending the appeal on January 2, 2025, (*see* ECF No. 54). On January 3, 2025, the Second Circuit issued an

order denying Plaintiffs' motion for an emergency stay because Plaintiffs did not first move in this Court for an injunction pending appeal, or show that doing so was impracticable, as required by Federal Rule of Appellate Procedure 8(a). (*Id.*) On January 9, 2025, Plaintiffs filed the instant letter motion requesting a stay of the Program pending appeal. (ECF No. 55.)

## II.   LEGAL STANDARD

Under Rule 62(d) of the Federal Rules of Civil Procedure, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Courts consider four factors in determining whether to grant a stay or injunction pending appeal: "(1) whether the movant will suffer irreparable injury absent the injunction, (2) whether a party will suffer substantial injury if the injunction is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected."[1] *1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, 597 F. Supp. 3d 557, 570 (S.D.N.Y. 2022); *see Delux Pub. Charter, LLC v. County of Westchester*, No. 22-CV-1930, 2024 WL 3744167, at *1 (S.D.N.Y. July 25, 2024); *Marshak v. Reed*, 199 F.R.D. 110, 110 (E.D.N.Y. 2001). A balancing of these factors is required. "[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *Loc. 1303-362 of Council 4 v. KGI Bridgeport Co.*, No. 12-CV-1785, 2014 WL 555355, at *2 (D. Conn. Feb. 10, 2014). But irreparable harm and probability of success are "the two most critical factors." *Delux Pub.*

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

*Charter, LLC*, 2024 WL 3744167, at *1; *Up State Tower Co., LLC v. Town of Kiantone, New York*, No. 16-CV-69, 2020 WL 1909981, at *2 (W.D.N.Y. Apr. 20, 2020).

A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result." *Frey v. Nigrelli*, No. 21-CV-5334, 2023 WL 2929389, at *2 (S.D.N.Y. Apr. 13, 2023). "Granting injunctive relief is an extraordinary remedy" and the "burden to demonstrate all four factors is on Plaintiffs as the moving parties." *IMS Health Inc. v. Sorrell*, 631 F. Supp. 2d 429, 431 (D. Vt. 2009). The burden to show that an injunction is justified under the circumstances is a heavy one. *See id.*

### III. DISCUSSION

"The standard for staying a judgment pending appeal resembles the test for issuance of a preliminary injunction." *Frey*, 2023 WL 2929389, at *3. "When a district court has denied a motion for a preliminary injunction . . . , it is highly unlikely that it will then grant that same injunction pending appeal of the denial." *Id*. Here, the Court already denied Plaintiffs' motion for a preliminary injunction, (*see* ECF No. 52), and Plaintiffs in support of the instant motion say no more than that this Court should stay the Program pending appeal "for the same reasons set forth in [their] preliminary injunction motion." (ECF No. 55 at 1.) In any event, applying the factors set forth above, I find that Plaintiffs have not carried their heavy burden to show that a stay of the Program pending appeal is warranted.

As to the possibility of success on appeal, "[t]he Court of Appeals reviews a district court's decision to deny a preliminary injunction for abuse of discretion." *Columbus Ale House, Inc. v. Cuomo*, No. 20-CV-4291, 2020 WL 6507326, at *2 (E.D.N.Y. Nov. 5, 2020). "A district court abuses its discretion when it rests its decision on a clearly erroneous finding of fact or makes an error of law." *Id.* Plaintiffs do not argue on the instant motion that the Court abused

its discretion in denying their motion for a preliminary injunction, and, for the reasons set forth on the record in the Court's December 23, 2024 bench ruling, I am satisfied that Plaintiffs have not shown that they are entitled to injunctive relief. *See Up State Tower Co., LLC*, 2020 WL 1909981, at *3 (no likelihood of success on appeal where defendants "merely repeated arguments already made to, and rejected by, [the district court judge] in denying their motions"). Accordingly, Plaintiffs have not shown a substantial possibility of success on appeal, and this factor weighs against a stay.

The same applies to irreparable injury. As discussed in the December 23, 2024 bench ruling, Plaintiffs failed to show that their injuries could not be remedied by monetary damages if they prevail in this litigation. Because Plaintiffs advance no new arguments in support of the instant motion, and for the reasons set forth on the record in the December 23, 2024 bench ruling, Plaintiffs have not shown that they will suffer irreparable injury absent the injunction. Thus, this factor likewise weighs against a stay.

Finally, as to injury to another party, I find that there is sufficient support in the record to show that Defendants will suffer substantial injury if the injunction is issued at this stage. In their opposition to Plaintiffs' motion for a preliminary injunction, Defendants asserted, through a declaration by the Chief Operating Officer of the Triborough Bridge and Tunnel Authority ("TBTA"), Dr. Allison L. C. de Cerreño, that the TBTA would incur "substantial additional expenses" if the Court enjoins the Program. (ECF No. 47 ¶ 15.) Specifically, de Cerreño attested that the TBTA budgeted over $500 million to establish the Program; that much of the budget had been expended; and that, if the Program were temporarily enjoined, the TBTA would incur roughly $12 million per month in additional operations and maintenance expenditures. (*Id.* ¶¶ 16-17.) Additionally, an injunction would cause the TBTA to lose significant revenue from

the Program itself, which the TBTA could not recover even if the Program restarts at the conclusion of this litigation.  (*Id.* ¶¶ 18-19.)  Plaintiffs did not dispute these facts – either in their briefing on the motion for a preliminary injunction or in the instant letter motion – and I am satisfied that this is sufficient to establish substantial injury to the TBTA.  Moreover, common sense suggests that disruption and public confusion would result from halting the program after it has begun.  Accordingly, this factor weighs against a stay.

Because three factors, including the two most critical factors, weigh against granting a stay, I need not address the remaining factor.  *See U.S. S.E.C. v. Daspin*, 557 F. App'x 46, 49 (2d Cir. 2014) (summary order); *Delux Pub. Charter, LLC*, 2024 WL 3744167, at *3.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a stay pending appeal is DENIED.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 55).

**SO ORDERED.**

Dated: January 14, 2025
       White Plains, New York

                                                CATHY SEIBEL, U.S.D.J.